IN-this case the Court had made a decree against the defendant Lowe, and an attachment had been issued against him to compel the payment of the sum of money decreed against him. He was in the sheriff’s custody, in goal under the attachment. A motion was made Chambers before Chancellor Desaussure, to discharge . John Lowe from the attachment, and the imprisonment nnder its authority, on the ground that he had been admitted to the benefit of the insolvent debtor’s act, in the Inferior City Court, since the decree of the Court of
This motion was opposed by the complainants on the ground that he had made a false schedule, and a fraudulent concealment of his effects, and there being produc- - ed several affidavits to support the charge, he was re- . -i . , manded to goal.
The Chancellor on that occasion delivered the following opinion :
That the attachment in this case not being for an actual contempt of the Court, hut for the non-payment of money under the decree, which is analogous to an exe-eution, the discharge under the insolvent debtor’s act, if properly obtained, would discharge such attachment.
That the discharge of an insolvent debtor by any Court of competent jurisdiction within the State, was a discharge against all suing creditors in all the Courts of the State, according to the decision in the Court of Common Pleas in the case of Hunt and Simmons, reported $ vol. of Mr. Justice Bay’s reports, p. 104, which decision has been acquiesced in ever since, in all cases clear *270 of fraud. See also the casés of Riley and Latnar, m J 7 the 2d vol. of Cranch, 344, and Syms and Wise vs. Slocum 2 Cranch 300.
But that in case there was any fraud or concealment in obtaining the discharge, this Coutt is not bound to give effect to the discharge obtained in any other Court. That it is essential to the jurisdiction of this Court to detect fraud and prevent it having its intended effect, and even formal judgments at law cannot resist its all searching power, and when the frauds on which they have been obtained arc exposed, such judgments are decreed to be nullities. That the insolvent debtor’s act itself provides “ that in cases it shall, at any time after the discharge of the prisoner, appear that any such debtor did conceal any part of his estate, and not make a full surrender and delivery thereof, such debtor shall not be entitled to the benefit of the act.” This privation of benefit in the case stated, is universal, not in one Court, hut in all the Courts. Now this Court cannot give effect to such provision, unless it have the right of examining. The applicant requires of this Court to be discharged from the attachment issued by it, because he has taken the benefit of the insolvent debtor’s law in the Inferior City Court.
The creditor answers that if he commits a fraud, lip is not entitled to the benefit of the insolvent debtor’s law, and he alledges that the debtor has committed a fraud, and offers to give proof of it- The debtor insists that this Court has no right to examine into the fraud. The Judge was clearly of opinion that the Court had a right, and was bound to go into the enquiry; and if the discharge was obtained by fraud or concealment, it was a snere nullity, like any other judgment or sentence of a Court obtained by fraud or surreptitiously.
On examining the evidence furnished to prove the fraud, by concealment of property, it did appear clearly that Lowe had concealed his property, and thereby committed a deliberate fraud on his creditors, and obtained kin discharge under the insolvent debtor’s act, notwith *271 standing these frauds: therefore he was not entitled to the benefit of the insolvent debtor’s law, and of course he is not entitled to the discharge he asks from the attachment issuing out of this Court to enforce- the decree of the Court.
Afterwards, on the 23d September, 1811, Mr. Griggs, on the part of Lowe, moved, before Chancellor Desaus--sure, at Chambers, (in order to have another opportunity to have this charge of fraud tried by a jury, to which it was said he was entitled,) that the Judge should that the Judge should suspend the attachment, by authority of which he was imprisoned, on his giving bond to complainants, with good security, conditioned for his appearance on the first day of the next sitting of the Circuit Court at Charleston, and for the surrender of himself ; or on failure thereof to make payment of the penalty of the bond.
This motion was argued, and the Judge stated his opinion as follows :
The Chancellor said he had enquired if ever there had been a single instance of a debtor, who was in confinement and seeking to be released under the insolvent-debtor’s law, who had been released on bonds until he could obtain a final discharge from the Court or Jury j but no such instance could be found. That the absence of all precedent was a presumption against the application.
Besides this defendant does not stand on the vantage ground of presumed innocence. This Court has already refused his application for a discharge, on a full examination of the evidence of the fraudulent concealment of his effects. It would therefore be injustice to the creditors'to release this debtor even temporarily, and thereby remove the Only stimulus which may remain to induce-, him to do justice to his creditors.
Besides there are difficulties about tire nature of the .bond proposed to be given. No law prescribes one under such circumstances ¿ ¡tmr qag the whole extent and *272 effect of the measure be foreseen. It might be construe(l to be a release.
The motion therefore was rejected. B ut the Charted-^01’ saa<^ that this decision would not prevent the party from applying for a trial of his case by a Jury, according to the act, if he desired to do so.
Afterwards, and at the regular sitting of the Circuit Court of Equity, in Charleston, in February, 1812, held by Chancellor Waties, Mr. Griggs moved for the discharge of Peter Lowe from gaol, where he was confined, as above stated, under an attachment or execution to enforce the payment of a sum of money decreed agains^ him by the Court of Equity — on the ground that he had been admitted to the benefit of the insolvent debtors* act, by the Judge of the Inferior Court, at which time the complainants were suing creditors in Equity.
The motion was dismissed by Chancellor Waties. No copy of any formal decree has been furnished by the officer of the Court.
From this decision an appeal was made, by Mr. Griggs, upon the ground that the defendant had been admitted to the benefit of the act of the General Assembly of this state, made for the relief of insolvent debtors, by the Judge of the Inferior City Court of Charleston, in a suit issuing from that Court, and that therefore he was entitled to his discharge^ the complainants being at the time suing creditors.
On the 23d March, 1812, the appeal came on to be heard by the Court of Appeals. Present, Chancellors Desaussure, Gaiiiarb, anti James. The following is the entry of the order made by that Court:
This cause having been argued the last Court on the appeal of John Lowe from the decision of the Circuit Court, whereby the motion made to discharge him from gaol was refused, the arguments of counsel and grounds of appeal being now considered, the Court are of opinion, unanimously, in ordering the said appeal to be dismissed..